"UNDER SEAL"

FILED
CHARLOTTE, NC

OCT 21 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHUBH KETANKUMAR PATEL | DOCKET NO. 3:25-cr-299-KDB<br><br>**BILL OF INDICTMENT**<br>UNDER SEAL<br><br>Violations:<br>18 U.S.C. § 912<br>18 U.S.C. § 1349<br>18 U.S.C. § 2 |

THE GRAND JURY CHARGES:

At the specified time and at all relevant times:

### INTRODUCTION

1. Beginning at least as early as 2023 and continuing until at least May 2024, Defendant Shubh Ketankumar Patel ("PATEL") engaged with coconspirators, known and unknown to the Grand Jury, in a wire fraud conspiracy to defraud victims by posing as federal agents and other investigators to trick their mostly elderly victims into handing over substantial portions of their financial savings for supposed safekeeping and to avoid certain fabricated consequences, including arrest and prosecution. During the conspiracy, PATEL and his coconspirators defrauded individuals from multiple states, including North Carolina and South Carolina, of more than $2 million.

2. Throughout the conspiracy, PATEL resided in Waxhaw, North Carolina, and worked with multiple other coconspirators, often communicating though WhatsApp, to carry out the fraudulent scheme. PATEL was not an employee of the United States government.

### THE WIRE FRAUD CONSPIRACY

3. The object of the conspiracy was for PATEL and his coconspirators to unlawfully enrich themselves by obtaining the financial assets of targeted individuals through a sophisticated wire fraud scheme. PATEL and his coconspirators accomplished the scheme through assorted falsehoods aimed to induce fear in the victims, including by warning the victims that their financial assets were at risk and that there was an active federal investigation involving their name. PATEL and his coconspirators regularly targeted elderly individuals across the United States. Many of the victims were retired and over the age of sixty.

4.      Throughout the conspiracy, the victims were contacted through phone calls or communications over the internet and manipulated through various techniques, aimed to earn their trust. PATEL and his coconspirators generally posed as federal or corporate agents involved in an alleged investigation, and they falsely told victims that their financial savings were at risk and needed to be moved immediately. In furtherance of the conspiracy, the victims were often warned that bad actors had used their name and identity to commit crimes or compromise their bank accounts, and that the victims' cooperation was necessary to secure their accounts, clear their names, and, in some instances, to avoid arrest. In reality, there were no federal or corporate investigations, the victims' assets were not at risk, their accounts were not compromised, and the victims were not in danger of arrest.

5.      In furtherance of the conspiracy, the victims were regularly instructed by a coconspirator to transfer their financial assets from bank and retirement accounts to other accounts where their money would supposedly be secure. The victims also routinely turned over cash. During the conspiracy, PATEL and his coconspirators took possession of the victims' assets and never returned them.

6.      One of PATEL's roles in the conspiracy was to collect cash from victims. On multiple occasions during the conspiracy, PATEL drove to a victim's residence, purporting to be a federal agent, and obtained cash from a victim in a face-to-face transaction.

7.      During the conspiracy, PATEL and his coconspirators frequently caused the victims to conduct financial transactions that were transmitted in interstate and foreign commerce.

8.      Throughout the conspiracy, PATEL and his coconspirators primarily communicated via conversations on the WhatsApp messaging application, frequently updating each other with their activities and making plans in furtherance of the scheme. The WhatsApp messages were also transmitted in interstate commerce.

### *Victims of the Conspiracy*

9.      During the conspiracy, PATEL and his coconspirators defrauded multiple victims of substantial sums of money. The victims of the wire fraud conspiracy were located in multiple locations in North and South Carolina, as well as Texas and other states.

# COUNT ONE
# 18 U.S.C. § 1349
# (Conspiracy to Commit Wire Fraud)

10. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 9 of the Bill of Indictment, and further alleges that:

11. Beginning at least as early as 2023, and continuing until at least May 2024, in the county of Union, within the Western District of North Carolina, and elsewhere, the defendant,

**SHUBH KETANKUMAR PATEL,**

did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, *to wit*, wire fraud in violation of Title 18, United States Code, Section 1343.

## Object of the Conspiracy

12. <u>Wire Fraud</u>: It was a part and an object of the conspiracy that PATEL, and others known and unknown to the Grand Jury, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing said scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

13. The conspirators carried out the conspiracy in the manner and means, among others, described in paragraphs 3 through 9 of the Bill of Indictment.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## 18 U.S.C. § 912
### (False Personation of an Employee or Officer of the United States)

14. On or about May 2, 2024, in Cleveland County, within the Western District of North Carolina, the defendant,

**SHUBH KETANKUMAR PATEL,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the United States Secret Service, and in such assumed and pretended character, did act as such, in that he arrived at a residence in Shelby, North Carolina, falsely claimed to be a Secret Service agent, and collected a package from the resident, in violation of Title 18, United States Code, Section 912.

4

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds stated above: approximately $2,310,922.47 in proceeds of the violations set forth herein.

A TRUE BILL

_____
GRAND JURY FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
WILLIAM T. BOZIN
ASSISTANT UNITED STATES ATTORNEY

5